No. 24-2044, 24-2045

In the United States Court of Appeals
for the Fourth Circuit

REPUBLICAN NATIONAL COMMITTEE, et al.,

*Plaintiffs-Appellees*,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Eastern District of North Carolina

**STATE BOARD DEFENDANTS-APPELLANTS'
MOTION TO EXPEDITE APPEALS**

| | |
|---|---|
| Sarah G. Boyce<br>Deputy Attorney General and<br>General Counsel | Terence Steed<br>Special Deputy Attorney General |
| Sripriya Narasimhan<br>Deputy General Counsel | South A. Moore<br>Deputy General Counsel |
| Mary Carla Babb<br>Special Deputy Attorney General | N.C. Department of Justice<br>Post Office Box 629<br>Raleigh, North Carolina 27602<br>(919) 716-6400<br>Counsel for Defendants-Appellants |

Defendants-Appellants the North Carolina State Board of Elections; Karen Brinson Bell, in her official capacity as the Executive Director of the North Carolina State Board of Elections; Alan Hirsch, in his official capacity as Chair of the North Carolina State Board of Elections; Jeff Carmon, in his official capacity as Secretary of the North Carolina State Board of Elections; and Stacy Eggers IV, Kevin N. Lewis, and Siobhan O'Duffy Millen, in their official capacities as members of the North Carolina State Board of Elections (the State Board) respectfully request that the Court expedite these consolidated appeals and suggest the following briefing schedule:

| | |
|---|---|
| Opening Briefs for the State Board and Intervenor-Defendant-Appellant the Democratic National Committee (DNC) | By 11:59 pm on the second day after this Court grants this Motion |
| Response Brief for Plaintiffs-Appellees | By 11:59 pm on the third day after the State Board and DNC file opening briefs |
| Reply Briefs for the State Board and the DNC | By 11:59 pm on the second day after Plaintiffs file a response brief |

The State Board also asks that, if this Court sets this matter for oral argument, it schedule argument at its earliest convenience,

whether that be on the first available calendar after the end of the expedited briefing schedule or through a special sitting.

Under Local Rule 12(c), there is good cause to expedite these appeals. First, the two key questions presented here are purely legal in nature, and these appeals do not require review of an extensive factual record. Second, the parties have already briefed the disputed legal issues thoroughly in the district court and, to some degree, in the recent stay litigation before this Court. *See* Dkts. 5, 6, 21. Both of those proceedings have occurred on compressed timeframes without hindering the parties' ability to present their positions. Finally, expediting these appeals would serve the interests of justice by minimizing election confusion, with absentee and early voting well underway in North Carolina and Election Day only 15 days away.

## BACKGROUND

The State Board incorporates the factual background set forth in its motion to stay the remand order pending appeal. Dkt. 6. The State Board intends for the discussion below to serve as a refresher of the details most relevant to this motion.

On October 17, 2024, the district court dismissed Plaintiffs' first claim with prejudice but, after declining to exercise supplemental jurisdiction as to Plaintiffs' second claim (the one directly relevant to these appeals), remanded that second claim to state court. Dkt. 6 at 91-92. The first claim sought a writ of mandamus to address an alleged violation of Section 163-82.11(c) of the North Carolina General Statutes, which requires the State Board to maintain North Carolina's voter rolls in compliance with the Help America Vote Act of 2002. Dkt. 6 at 42-43, ¶¶ 77-88. The second claim sought a mandatory injunction for a violation of article I, section 19 of the North Carolina Constitution based on the same alleged statutory violation. Dkt. 6 at 43-44, ¶¶ 90-96.

As a remedy to both counts, Plaintiffs sought to either remove more than 225,000 voters from the state's rolls or require them to all vote provisionally. Dkt. 6 at 44, Prayer for Relief.

On October 18, the State Board and the DNC each appealed the district court's October 17 Judgment and Order to this Court. Dkts. 1 (No. 24-2044), 1 (No. 24-2045). Also on that same day, the State Board

and the DNC each filed an emergency motion for a stay of the remand order.  Dkts. 5, 6.  This Court consolidated the two appeals.  Dkt. 4.

## ARGUMENT

There is good cause to expedite these appeals.  28 U.S.C. § 1657(a).

*First*, these appeals involve two purely legal questions: (1) whether the district court erred in holding that removal of Plaintiffs' second claim was not proper under either 28 U.S.C. §§ 1441 or 1443 and (2) whether the district court was correct to decline to exercise supplemental jurisdiction over that claim.  Neither of these questions involves a detailed—or indeed, *any*—analysis of a factual record.  That is why the district court was able to consider both the parties' remand briefing and dismissal briefing, and produce a 44-page opinion, within a week of the parties' filing their opening briefs and seeking expedited consideration.  *See* Dkt. 6 at 49-92.

*Second*, the parties have already thoroughly briefed these legal disputes, including analyzing the most pertinent authorities, when litigating the motions in district court—and on a compressed schedule.  Additionally, the State Board's and DNC's motions to stay and

Plaintiffs' response also brief the merits to some degree. Dkts. 5, 6, 21. Given that the merits briefing will concern the same issues and, for the most part, the same case law and statutory authorities, the parties can brief their well-established positions quickly.

*Third*, expediting these appeals will best ensure public confidence in the election and judicial economy. Voting in North Carolina began a month ago, when absentee ballots started going out on September 20. Early voting then began on October 17 and, to date, more than 1 million ballots have already been cast.[1] In addition, Election Day is only 15 days away. Amid this ongoing voting, Plaintiffs seek to either boot 225,000 voters off the rolls or, alternatively, force them *all* to vote provisionally. North Carolinians need confidence that their votes will be counted, particularly now that the election has begun. *See Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). The public also deserves to vote without having baseless aspersions cast about potential ineligible voting.

---

[1] *North Carolina Tops 1 Million Votes Cast*, North Carolina State Board of Elections (Oct. 20, 2024), *available at* https://www.ncsbe.gov/news/press-releases/2024/10/20/north-carolina-tops-1-million-votes-cast.

Further, all the parties agree that the State Board needs clarity about what actions it must take to administer this election. *See* Dkts. 5; 6 at 13, 28, ¶ 10, and 41, ¶ 76. State elections officials are working around the clock to administer this election, particularly in the wake of the destruction caused by Hurricane Helene. The longer this matter remains unresolved, the greater the risk that voters and officials will be subject to confusion. The best way to avoid that confusion is to expeditiously determine the appropriate forum to hear and resolve Plaintiffs' remaining claim. That is why this Court and others have deemed appeals concerning an upcoming or ongoing election deserving of an expedited schedule. *See, e.g.*, *Wood v. Quinn*, 230 F.3d 1356 (4th Cir. 2000) (unpublished); *PG Publ'g Co. v. Aichele*, 705 F.3d 91, 97 (3d Cir. 2013).

Finally, expediting these appeals will serve the interests of judicial economy—particularly if the appellants prevail. At this juncture, the district court is the court most familiar with this case because it is the only one that has ever considered the issues raised. The only thing the district court will have to do is issue a decision on whether to dismiss Plaintiffs' sole remaining claim. Remand, by

contrast, would require the parties to re-brief that issue in state court and potentially conduct another hearing—all before Election Day. A swift decision on whether federal court is the appropriate forum is the first step to substantive consideration of that claim, especially on a condensed timeline.

In short, there is good cause to expedite these appeals. The State Board proposes the schedule set forth at the outset of this motion.

For similar reasons, the State Board respectfully requests that, if this Court opts to hear oral argument on these appeals, it do so at its earliest convenience, whether that be on the first available calendar after the end of the expedited briefing schedule or through a special sitting.

The DNC consents to this relief. Plaintiffs oppose the relief sought, but have reserved the right to take a different position after having reviewed this motion in full.

## CONCLUSION

The State Board asks this Court to expedite consideration of the consolidated appeals of the district court's Judgment and Order remanding Plaintiffs' second claim to state court.

This the 21st day of October, 2024.

Sarah G. Boyce
Deputy Attorney General & General Counsel
N.C. State Bar No. 56896
SBoyce@ncdoj.gov

s/ Sripriya Narasimhan
Sripriya Narasimhan
Deputy General Counsel
N.C. State Bar No. 57032
SNarasimhan@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
MCBabb@ncdoj.gov

Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
TSteed@ncdoj.gov

South A. Moore
Deputy General Counsel
N.C. State Bar No. 55175
SMoore@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6900
Fax: 919-716-6758

*Counsel for State Board Defendants-Appellants*

**CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that this motion complies with Fed. R. App. P. 27(d)(2)(C), 32(a)(5), 32(g)(1), and Local Rule 27.

This the 21st day of October, 2024.

/s/ Sripriya Narasimhan
Sripriya Narasimhan
Deputy General Counsel

# CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record.

This the 21st day of October, 2024.

/s/ Sripriya Narasimhan
Sripriya Narasimhan
Deputy General Counsel
