Nos. 24-2044, 24-2045

In the United States Court of Appeals
for the Fourth Circuit

REPUBLICAN NATIONAL COMMITTEE, et al.,

*Plaintiffs-Appellees*,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Eastern District of North Carolina

# DEFENDANTS-APPELLANTS' REPLY TO PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO STAY PROCEEDINGS AND REQUEST FOR IMMEDIATE ADMINISTRATIVE STAY PENDING RULING ON STAY MOTION

Sarah G. Boyce
Deputy Attorney General and
General Counsel

Sripriya Narasimhan
Deputy General Counsel

Mary Carla Babb
Special Deputy Attorney General

Terence Steed
Special Deputy Attorney General

South A. Moore
Deputy General Counsel

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6400
Counsel for Defendants-Appellant

As Defendants-Appellants the State Board, its Executive Director, and its members described in their Motion for Stay and Immediate Administrative Stay, the district court's order remanding this case to state court should be stayed pending this Court's resolution of the State Board's appeal. *See generally* Mot. to Stay (D.E. 6).

In their response opposing the State Board's motion, Plaintiffs-Appellees contend that the State Board's motion is procedurally improper because the State Board did not comply with Rule 8 of the Federal Rules of Appellate Procedure. *See* Resp. (D.E. 21) at 7-9. For two reasons, Plaintiffs-Appellees are mistaken.

First, the State Board sought a further stay from this Court out of an abundance of caution. The State Board had good reason to believe that its notice of appeal divested the district court of jurisdiction, such that the remand order would not take effect, even after the district court's initial stay expires. After all, notice of appeal "is an event of jurisdictional significance" that "divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) ("[A] timely filed notice of appeal transfers jurisdiction of a case

to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal."). "This rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Public Citizen*, 749 F.3d at 258.

Applying this rule, the State Board believed that it was possible—and perhaps probable—that the filing of its notice of appeal automatically stayed the district court's remand order from taking effect and, in so doing, also stayed any further state-court proceedings. That may have also been the district court's intent in granting the State Board's motion to stay proceedings to permit interested parties to appeal. *See* Mot. to Stay, Ex. 2 at 92. It would be incongruous to assume that the district court granted a stay just long enough to allow the parties to appeal, but not long enough for the parties to actually vindicate their appellate rights.

Nevertheless, because the State Board identified at least one case in this Circuit in which state-court proceedings had gone forward despite an appeal of a remand order, *Bryan v. BellSouth Communications, Inc.*, 492 F.3d 231 (4th Cir. 2007), it decided to pursue an approach that would provide maximal clarity for all parties. Thus, out of an abundance of

caution, the State Board filed its stay motion to eliminate any possibility that unnecessary state-court proceedings would go forward while this Court resolved the pending appeals.

Second, in making this precautionary stay request, the State Board did comply with Rule 8. As Plaintiffs-Appellees themselves acknowledge, at last week's hearing, the State Board asked the district court to stay its remand order to give the State Board time to appeal the decision. *See* Resp. at 7-8.

The district court did precisely that and stayed its remand decision until tomorrow, October 22, to allow the State Board to appeal. The State Board thus understood that any further requests for relief should be directed to this Court.

Because the State Board's motion was procedurally proper and the State Board satisfies the criteria for a stay pending appeal, this Court should stay district court proceedings in this case pending the Court's resolution of the State Board's appeal.

If, however, the Court concludes that, before coming to this Court, the State Board should first have asked the district court to extend its stay through the pendency of this appeal, the State Board respectfully requests

that the Court enter a temporary administrative stay of the remand order to permit the State Board to pursue that relief in the court below.

This the 21st day of October, 2024.

/s/ Sarah G. Boyce
Sarah G. Boyce
Deputy Attorney General & General Counsel
N.C. State Bar No. 56896
SBoyce@ncdoj.gov

Sripriya Narasimhan
Deputy General Counsel
N.C. State Bar No. 57032
SNarasimhan@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
MCBabb@ncdoj.gov

Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
TSteed@ncdoj.gov

South A. Moore
Deputy General Counsel
N.C. State Bar No. 55175
SMoore@ncdoj.gov

North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6900
Fax: 919-716-6758

*Counsel for State Board Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this reply complies with Fed. R. App. P. 27(d)(2)(C), 32(a)(5), 32(g)(1), and Local Rule 27.

This the 21st day of October, 2024.

/s/ Sarah G. Boyce
Sarah G. Boyce
Deputy Attorney General and
General Counsel

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically serve electronic copies on all counsel of record.

This the 21st day of October, 2024.

/s/ Sarah G. Boyce
Sarah G. Boyce
Deputy Attorney General and
General Counsel